FILED
05/12/2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____JL_____
                Deputy

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff**<br><br>v<br><br><br><br>**(4) KALYSA STOKES,**<br><br>**Defendants** | **Cause No.: 4:22-CR-00293**<br><br>**SEALED INDICTMENT**<br><br>COUNT 1: 8 U.S.C. § 1324(a)(1)(A)(v)(I) & (B)(i), Conspiracy to Transport Illegal Aliens<br>COUNTS 2-5: 8 U.S.C. § 1324(a)(1)(A)(ii) & (B)(ii), Transportation of Illegal Aliens |

**THE GRAND JURY CHARGES:**

<u>**COUNT ONE**</u>
**[8 U.S.C. §§ 1324(a)(1)(A)(v)(I) and (B)(i)]**

From on or about February 8, 2021 to January 12, 2022, in the Western District of Texas, the Defendants,

**(4) KALYSA STOKES,**

did knowingly and intentionally combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit the following offense against the United States: to transport and move, and attempt to transport and move, by means of transportation or otherwise, certain aliens who had entered and remained in the United States in violation of law, knowing and in reckless disregard of the fact that said aliens had come to, entered, and remained in the United States in violation of law, and in furtherance of such violation of law.

A violation of Title 8, United States Code, Sections 1324(a)(1)(A)(v)(I) & (B)(i).

**COUNT TWO**
**[8 U.S.C. §§ 1324(a)(1)(A)(ii) & (B)(ii)]**

On or about February 8, 2021, in the Western District of Texas, Defendant,

**(4) KALYSA STOKES,**

knowing and in reckless disregard of the fact that certain aliens had come to, entered, and remained in the United States in violation of law, and with the intent to further the alien's unlawful presence in the United States, did transport and move, and attempted to transport and move said aliens within the United States by means of transportation or otherwise in furtherance of such violation of law.

A violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) & (B)(ii).

**COUNT THREE**
**[8 U.S.C. §§ 1324(a)(1)(A)(ii) & (B)(ii)]**

On or about February 16, 2021, in the Western District of Texas, Defendant,

knowing and in reckless disregard of the fact that certain aliens had come to, entered, and remained in the United States in violation of law, and with the intent to further the alien's unlawful presence in the United States, did transport and move, and attempted to transport and move said aliens within the United States by means of transportation or otherwise in furtherance of such violation of law.

A violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) & (B)(ii).

## COUNT FOUR
## [8 U.S.C. §§ 1324(a)(1)(A)(ii) & (B)(ii)]

On or about September 25, 2021, in the Western District of Texas, Defendant, knowing and in reckless disregard of the fact that certain aliens had come to, entered, and remained in the United States in violation of law, and with the intent to further the alien's unlawful presence in the United States, did transport and move, and attempted to transport and move said aliens within the United States by means of transportation or otherwise in furtherance of such violation of law.

A violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) & (B)(ii).

## COUNT FIVE
## [8 U.S.C. §§ 1324(a)(1)(A)(ii) & (B)(ii)]

On or about December 3, 2021, in the Western District of Texas, Defendant, knowing and in reckless disregard of the fact that certain aliens had come to, entered, and remained in the United States in violation of law, and with the intent to further the alien's unlawful presence in the United States, did transport and move, and attempted to transport and move said aliens within the United States by means of transportation or otherwise in furtherance of such violation of law.

A violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) & (B)(ii).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. P. 32.2]

### I.
### Transportation of Aliens Violations and Forfeiture Statutes

**[Title 8 U.S.C. §§ 1324(a)(1)(A)(v)(I), (v)(II), (B)(i), and (B)(ii) subject to forfeiture pursuant to Title 18 U.S.C. § 982(a)(6)(A) and Title 8 U.S.C. § 1324(b), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]**

As a result of the criminal violations set forth in Counts One through Six, the United States of America gives notice to the Defendants of its intent to seek the forfeiture of the property described below upon conviction and pursuant to Fed. R. Crim. P. 32.2, Title 18 U.S.C. § 982(a)(6)(A) and Title 8 U.S.C. § 1324(b), made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c), which state, in pertinent part, the following:

> **Title 18 U.S.C. § 982. Criminal forfeiture**
> **(a)(6)(A)** The court, in imposing sentence on a person convicted of a violation of, or conspiracy to violate, section 274(a) . . . of the Immigration and Nationality Act . . . shall order that the person forfeit to the United States, regardless of any provision of State law—
> >  **(i)** any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the person is convicted; and
> >  **(ii)** any property real or personal—
> > >  **(I)** that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense of which the person is convicted; or
> > >  **(II)** that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the person is convicted.
>
> **Title 8 U.S.C. § 1324. Bringing in and harboring certain aliens**
> (b) Seizure and forfeiture.
> > (1) In general. Any conveyance…that has been or is being used in the commission of a violation of subsection (a), the gross proceeds of such violation, and any property traceable to such conveyance or proceeds, shall be seized and subject to forfeiture.

This Notice of Demand for Forfeiture includes, but is not limited to, the following property:

Real Property Located At **7003 Stonegate Dr., Odessa, Texas 79765,** with all buildings, appurtenances, and improvements, thereon and any and all surface and sub-surface rights and interests, if any, and being more fully described as:

LOT 12, BLOCK 5, REPLAT OF STONE GATE, AN ADDITION TO THE CITY OF ODESSA, ECTOR COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN CABINET A, PAGE 169D AND 170AB, PLAT RECORDS OF ECTOR COUNTY, TEXAS;

## II.
## Money Judgment

**Money Judgement:** A sum of money which represents the proceeds obtained, directly or indirectly, or which represents the value of property used to facilitate or intended to be used to facilitate the violations set forth in the Counts referenced above for which each defendant is solely liable.

## III.
## Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the Court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of the money judgment, as substitute assets, pursuant to Title 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

FOREPERSON OF THE GRAND JURY

ASHLEY C. HOFF
UNITED STATES ATTORNEY

_____
LANCE L. KENNEDY
Assistant United States Attorney